UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | CASE NO. CR-11-065-E-EJL |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM ORDER** |
| vs. | ) | |
| | ) | |
| DAN DESFOSSES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

## INTRODUCTION

Pending before the Court in the above-entitled matter are Defendant's Motion to Exclude Testimony of Government Agent, Motion to Dismiss Count One, Motion to Dismiss Counts 17-22, Motion to Dismiss Allegations Outside the Time Frame for Counts 2-22, and Motion in Limine. The Government has filed a response to the Motions and the Defendant has filed replies. Having fully reviewed the record herein, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, the Motions shall be decided on the record before this Court without oral argument. This Order is intended to give the parties direction on the evidentiary issues that have been

**Order** – 1

raised in the Motions as the Court will set forth its views on those matters. The Court's ruling stated herein is preliminary and may be subject to revision upon consideration of a particular evidentiary issue presented within the context of the trial.

## FACTUAL AND PROCEDURAL BACKGROUND

The Superseding Indictment in this Case charges the Defendant, Dan DesFosses, with one count of Obstruction of a Federal Audit, fifteen counts of Execution of a Scheme to Defraud Heath Care Benefit Programs, to-wit Medicare, Blue Cross of Idaho, and Employers Insurance Company of Nevada ("EICN"), and six counts of Executing a Scheme to Defraud Blue Cross of Idaho. (Dkt. 20.) The charges relate to the billings done by Pocatello Physical Therapy Clinic, P.A. ("PPT") which is owned by Mr. DesFosses and another individual.

The charge in Count One relates to records sent by PPT to Western Integrity Center ("WIC"), who is responsible for detecting and preventing Medicare fraud and abuse. On March 6, 2006, WIC issued a notice to PPT requesting copies of certain patient files and related documentation for purpose of a billing audit. The Superseding Indictment alleges Mr. DesFosses "falsified some of the requested patient medical files by altering progress notes...for services previously billed to Medicare...." (Dkt. 20 at ¶ 5.) The files were then sent to WIC on March 31, 2006.

The charges in Counts 2 through 16 allege Mr. DesFosses billed Medicare, Blue Cross of Idaho, and EICN for a covered service when a noncovered service was actually provided. (Dkt. 20 at ¶ 21.) The Government alleges Mr. DesFosses billed for neuromuscular re-education (CPT code 97112) or myofascial release (CPT code 97140)

**Order** – 2

when he actually had treated patients with a low-level cold laser device that was not a reimbursable treatment. (Dkt. 39 at 2.)

Counts 17 through 22 allege Mr. DesFosses billed Blue Cross of Idaho for services he performed on his wife using his partner's provider number. The provider agreement with Blue Cross of Idaho does not allow for reimbursement for any service provided to an individual related to the provider by blood or marriage and who ordinarily dwells in the provider's household. Finally, Counts One and 17 through 22 also charge Mr. DesFosses with aiding and abetting. (Dkt. 20.)

## DISCUSSION

**1.      Motion to Exclude Testimony of Government Witness**

Mr. DesFosses seeks to preclude the Government from offering the testimony of Kathy Millyard, PPT's office manager during the time of the investigation in this case. (Dkt. 31.) It appears Ms. Millyard cooperated with the Government's investigation of PPT in some fashion by obtaining audio and video recordings inside the PPT office and providing documents to the Government. The Motion argues because Ms. Millyard was an employee of PPT, the Government's use of her as its own agent was in breach of her fiduciary duties owed to PPT and in violation of Mr. DesFosses' Fourth Amendment rights. In response, the Government states it intends to introduce evidence obtained from Ms. Millyard including: video and audio tape recordings made on May 24, 2007; unaltered copies of PPT patient files requested for the WIC audits; copies of Medicare rules Ms. Millyard provided to Mr. DesFosses and his partner in the early spring of 2007; and a copy of a PPT billing sheet. (Dkt. 39.)

A.  **Fiduciary Duty**

In support of his breach of fiduciary duty argument, Mr. DesFosses cites to Idaho civil cases discussing the fiduciary relationship that exists between an employer and employee. (Dkt. 31 at 5-7.) None of these cases, however, support the position that any evidence Ms. Millyard provided to the Government must be excluded in this criminal case. Whether or not Ms. Millyard breached a fiduciary duty does not serve as a basis for excluding evidence here and the Motion is denied as to this argument.

B.  **Fourth Amendment**

"[T]he Fourth Amendment protects people, not places. What a person knowingly exposes to the public, even in his own home or office, is not a subject of Fourth Amendment protection.... But what he seeks to preserve as private, even in an area accessible to the public, may be constitutionally protected." *Katz v. United States*, 389 U.S. 347, 351 (1967). "The Fourth Amendment is a vital safeguard of the right of the citizen to be free from unreasonable governmental intrusions into any area in which he has a reasonable expectation of privacy." *United States v. Monghur*, 588 F.3d 975, 978 (9th Cir. 2009) (quoting *Winston v. Lee*, 470 U.S. 753, 767 (1985)). Where evidence is obtained in a fashion that does not violate either the Constitution or federal law, it is admissible in federal court proceedings. *United States v. Little*, 753 F.2d 1420, 1434 (9th Cir. 1984) (citing cases).

Mr. DesFosses argues his Fourth Amendment rights extends to protect his conversations with his employee because he had a reasonable expectation of privacy in those conversations. (Dkt. 31 at 7-9.) The Government counters that because one party, Ms. Millyard, consented to the recording of the conversation there is no federal constitutional violation. (Dkt. 39 at 8.)[1] The Government cites to *United States v. Zemek*, 634 F.2d 1159, 1164 n. 4 (9th Cir. 1980) where the Ninth Circuit concluded tape recorded conversations between undercover agents and other co-defendants were admissible because one of the parties to the conversation had consented.

Because the recordings were made with the consent of Ms. Millyard, who was a party to the conversations, the Court finds there is no violation of Mr. DesFosses' Fourth Amendment rights. *See United States v. White*, 401 U.S. 745, 749-53 (1971).[2] The Fourth Amendment does not protect Mr. DesFosses' confidence in persons who later prove to be working with the Government. *Id.* ("Inescapably, one contemplating illegal activities must realize and risk that his companions may be reporting to the police. If he sufficiently

---

[1] The Government argues Ms. Millyard was not a "de facto government agent when she provided documents to the government in this case." (Dkt. 39 at 9.) The Court makes no ruling here regarding Ms. Millyard's status in this regard.

[2] Similarly, in *United States v. Nerber*, the Ninth Circuit noted in every "invited informer" case we are aware of involved a defendant voluntarily sharing his words or revealing his actions to a government agent. *United States v. Nerber*, 222 F.3d 597, 605 at n. 10 (9th Cir. 2000) (citing *White*, 401 U.S. at 749 (Fourth Amendment provides "no protection to 'a wrongdoer's misplaced belief that a person to whom he voluntarily confides his wrongdoing will not reveal it' ") (quoting *Hoffa v. United States*, 385 U.S. 293, 302 (1966); *Wang*, 947 F.2d at 1403 ("The invited informer doctrine makes clear that the Wangs did not have a reasonable expectation of privacy in their voluntary conversations with [the informer] or in the documents which they voluntarily provided to [the informer]"); *United States v. Aguilar*, 883 F.2d 662, 697-98 (9th Cir.1989) (invited informer cases permit "consensual recording of conversations without warrants" but "informer may not search for evidence not voluntarily revealed by the unsuspecting criminal") (internal quotations omitted).

**Order** – 5

doubts their trustworthiness, the association will very probably end or never materialize. But if he has no doubts, or allays them, or risks what doubt he has, the risk is his.").[3] "A person does not have 'a justifiable and constitutionally protected expectation that a person with whom he is conversing will not then or later reveal the conversation to the police.'" *Forster v. County of Santa Barbara*, 896 F.2d 1146, 1149 (9th Cir. 1990) (*quoting White*, 401 U.S. at 749).

Likewise, the Court finds Ms. Millyard's production of documents to the Government did not violate Mr. DesFosses' Fourth Amendment rights. *See Wang v. United States*, 947 F.2d 1400, 1403 (9th Cir. 1991) (finding no reasonable expectation of privacy in records a person voluntarily gave to his financial consultant which were later turned over to the Government for a criminal investigation). Mr. DesFosses had no objective reasonable expectation of privacy in the unaltered patient files, the patient files provided to the WIC, the Medicare rules, or PPT's sample billing sheet. These materials were either publically available, as with the Medicare rules, or were subject to disclosure to third-parties. Ms. Millyard was directed by Mr. DesFosses' partner at PPT to make copies of the unaltered patient files requested by WIC for the audits which WIC had the

---

[3] In *United States v. Mayer*, 503 F.3d 740, 750 (9th Cir. 2007) the Ninth Circuit stated:

> Undercover operations, in which the agent is a so-called "invited informer," are not "searches" under the Fourth Amendment. *United States v. Aguilar*, 883 F.2d 662, 701 (9th Cir. 1989) (citing *Maryland v. Macon*, 472 U.S. 463 (1985)). Even though a conversation between an agent and a target may occur in an otherwise private environment, "a person has no legitimate expectation of privacy in information he voluntarily turns over to third parties." *Id.* at 698 (quoting *Smith v. Maryland*, 442 U.S. 735, 743-44 (1979)). Finding an expectation of privacy in the defendants' surreptitiously recorded comments would have been, we observed, "inimical to established fourth amendment doctrine." *Id.* at 699.

**Order** – 6

authority to obtain from PPT. As such, the materials were provided to Ms. Millyard knowing they would be disclosed to third-parties such that Mr. DesFosses does not have a reasonable expectation of privacy. *See Wang*, 947 F.2d at 1403. Based on the foregoing, the Motion is denied.

**2.     Motion to Dismiss Count One**

Mr. DesFosses seeks to dismiss Count One of the Superseding Indictment which charges him with Obstruction of Federal Audit in violation of 18 U.S.C. § 1516. (Dkt. 32, 20.) In his Motion, Mr. DesFosses argues there is no evidence of obstruction and there was no obstruction as a matter of law because the alleged actions did not obstruct or impede any federal audit nor is there evidence of his intent to deceive or defraud. (Dkt. 32.) The Government counters that this Motion is premature as it essentially challenges the evidence and, further, that it is not required to prove that he actually obstructed a federal audit. (Dkt. 39, p. 11-12.)

The Court has reviewed the briefing on the matter and agrees with the Government. Mr. DesFosses's Motion seeks dismissal of the charge on the ground that the Government lacks evidence to prove the charge. (Dkt. 32.) Such a challenge goes to whether or not the evidence against him is sufficient and, as such, is improper. "A defendant may not properly challenge an indictment, sufficient on its face, on the ground that the allegations are not supported by adequate evidence. A motion to dismiss the indictment cannot be used as a device for a summary trial of the evidence...." *United States v. Jensen*, 93 F.3d 667, 669 (9th Cir. 1996) (citations omitted). "On a motion to dismiss the indictment, the allegations contained therein must be taken as true." *United*

**Order** – 7

*States v. Bellomo*, 263 F.Supp. 2d 561, 579 (E.D. N.Y. 2003) (citing *United States v. Goldberg*, 756 F.2d 949 (2d Cir. 1985)); *United States v. Lamb*, 150 F.Supp. 310, 312 (N.D. Cal. 1957) ("On a motion to dismiss an Indictment on the ground that it fails to state facts sufficient to constitute an offense against the United States, this Court is bound to accept as true all well pleaded facts set forth in the Indictment.") (citations omitted). "What the Government will be able to prove at a trial is one thing, but what is charged in the Indictment is quite another. It is only the latter with which the Court is now concerned on a motion to dismiss." *Lamb*, 150 F.Supp. at 313. The Superseding Indictment here states facts sufficient to constitute the crime charged in Count One and, therefore, the Court denies the Motion to Dismiss.

Furthermore, the Court finds the Government is not required to prove a federal audit was actually obstructed or impeded in order to sustain a charge under 18 U.S.C. § 1516. Mr. DesFosses argues "neither the Indictment nor the government's 'facts' disclose any *factual* 'obstruction' of any federal auditor." (Dkt. 46 at 5) (emphasis in original). That is not what is required to prove the charge alleged in Count One of the Superseding Indictment here.

The express language of the statute requires the Government to prove Mr. DesFosses "endeavor[ed] to influence, obstruct, or impede a Federal auditor" with the "intent to deceive or defraud the United States." 18 U.S.C. § 1516. The cases relied upon by Mr. DesFosses do not require otherwise. In *United States v. Aguilar*, 515 U.S. 593 (1995) the Supreme Court reversed a conviction for endeavoring to obstruct the due administration of justice in violation of 18 U.S.C. § 1503 concluding it had not been

shown that the defendant's actions had the "natural and probable effect" of interfering with the due administration of justice and that he knew his actions would likely affect a pending proceeding. *Id*. This "nexus" requirement in *Aguilar* clarifies the language in § 1503's omnibus provision making it a crime to corruptly endeavor to "influence, obstruct, or impede, the due administration of justice." *United States v. Ho*, 651 F.Supp.2d 1191, 1199 (D. Hawai'i 2009) (discussing § 1512(b)(3)). The charge here is made under § 1516 which states:

> (a) Whoever, with intent to deceive or defraud the United States, endeavors to influence, obstruct, or impede a Federal auditor in the performance of official duties relating to a person, entity, or program receiving in excess of $100,000, directly or indirectly, from the United States in any 1 year period under a contract or subcontract, grant, or cooperative agreement....

18 U.S.C. § 1516(a).

In order to prove Mr. DesFosses obstructed a federal audit in violation of 18 U.S.C. § 1516 the Government must prove: "1) that the defendant endeavored to influence, obstruct, or impede a Federal auditor in the performance of official duties; 2) that the Federal auditor was performing official duties related to a person, entity, or program receiving in excess of $100,000, directly or indirectly from the United States in any one year period under a contract or subcontract, grant or cooperative agreement; and 3) that the defendant did so with the intent to deceive or defraud the United States." *United States v. Hymer*, Criminal Action No. 6:09-cr-00199-02, 2011 WL 672069, at *1, (S.D.W.Va Feb. 14, 2011); *see also* 18 U.S.C. § 1516. The Government can also prove Mr. DesFosses committed this offense as either a principal or as an aider or abetter. *Id.* (citing *United States v. Rashwan*, 328 F.3d 160, 165 (4th Cir. 2003)). Mr. DesFosses

**Order** – 9

acted as an aider or abettor if: 1) another person actually committed the offense of obstruction of a federal audit; 2) Mr. DesFosses knew that the offense was to be committed or was being committed; 3) Mr. DesFosses knowingly did some act to aid the commission of that offense; and 4) Mr. DesFosses acted with the intention of causing the crime charged to be committed. *Id.*

Count One here alleges Mr. DesFosses acted "with the intent to deceive and defraud the United States, endeavored to influence, obstruct, and impede a Federal auditor, to-wit, a Medicare fraud auditor/investigator, in the performance of official duties relating to a person or entity receiving in excess of $100,000, directly or indirectly, from the United States in any one-year period...." (Dkt. 20.) The Court finds the requisite intent is satisfied if the Government proves Mr. DesFosses intended to influence, obstruct, or impede an official auditor. *See e.g. United States v. Hinman*, No. CR04-4082-MWB, 2005 WL 958395, at *19 (N.D. Iowa April 22, 2005). The Government is not required to prove that an audit was in fact obstructed or impeded, only that Mr. DesFosses endeavored to do so. One of the defense theories of the case appears to be that the changes made to the patient files and billing records prior to their submission to the WIC audit were justified and lawful; i.e. these actions were not fraudulent or unlawful alterations sufficient to constitute obstruction as alleged in Count One. (Dkt. 32 and 46 at 2-4.) The Government disputes this theory arguing the alterations to the patient files before they were mailed to WIC were fraudulent. This question goes to Mr. DesFosses' intent which is for the jury to decide based upon the evidence presented during the trial. Accordingly, the Court denies Mr. DesFosses' Motion to Dismiss Count One.

### 3. Motion to Dismiss Counts 17-22

Counts 17 through 22 of the Superseding Indictment charge Mr. DesFosses with Execution of a Scheme to Defraud Blue Cross of Idaho in relation to billings submitted for treatments provided to his wife at PPT. (Dkt. 20 at 9-11.) The charges allege Mr. DesFosses performed treatments on his wife, which are not recoverable under the provider agreement, but fraudulently billed the treatments as being performed by his partner at PPT. (Dkt. 20.) Mr. DesFosses seeks to dismiss these counts on the "grounds that precluding a spouse from selecting her own care provider for the same treatment and services that would otherwise be covered with any other non-spouse similar provider is impermissibly unlawful and discriminatory under both state and federal law and public policy." (Dkt. 33 at 2 and Dkt. 45.) In support of the Motion, Mr. DesFosses cites to Idaho state statutes and case law. The Government argues the Superseding Indictment appropriately alleges, and Mr. DesFosses does not challenge, multiple violations of 18 U.S.C. § 1347 for defrauding a health care benefit program by means of material false or fraudulent pretenses. (Dkt. 39 at 14.)

The Court has reviewed the Superseding Indictment and finds it properly sets forth allegations sufficient to support the charges. *See United States v. Morlan*, 756 F.2d 1442, 1443 (9th Cir. 1985) ("An indictment is sufficient if it contains the elements of the charged crime in adequate detail to inform the defendant of the charge, and to enable him to plead double jeopardy.") (citation omitted). "[T]he indictment must allege the elements of the offense charged and the facts which inform the defendant of the specific offense with which he is charged." *United States v. Lane*, 765 F.2d 1376, 1380 (9th Cir. 1985) (citing *Russell v. United States*, 369 U.S. 749, 763 (1962) (citations omitted)). An indictment which tracks the words of the statute charging the offense is sufficient so long as the words unambiguously set forth all the elements necessary to constitute the offense. *United States v. Fitzgerald*, 882 F.2d 397, 399 (9th Cir. 1989). "It is generally sufficient that an indictment set forth the offense in the words of the statute itself, as long as those words of themselves fully, directly and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offense intended to be punished." *United States v. Johnson*, 804 F.2d 1078, 1084 (9th Cir. 1986) (citations omitted). Here, the Superseding Indictment amply informs Mr. DesFosses of the charges and the facts which the Government alleges make up the charges. (Dkt. 20.) Additionally, the Superseding Indictment provides citation to and tracks the language of the statute and includes the elements of the charged offenses.

The arguments raised by Mr. DesFosses essentially seek to challenge the legality of the underlying provider agreement with Blue Cross of Idaho. (Dkt. 33, 45.) That is not at issue in this criminal matter. Counts 17 through 22 question whether Mr. DesFosses' actions in these particular billings were fraudulent in violation of 18 U.S.C. § 1347. Whether the terms of the underlying provider agreement are discriminatory or violate provider choice provisions are arguments that could be raised in another more appropriate setting; such as a civil action against Blue Cross where the questions of discrimination and fairness over the particular terms of the provider agreement can be addressed. Accordingly, the Motion is denied. Further, the defense will not be allowed to raise arguments questioning the legality of the terms of the underlying provider agreement with Blue Cross at trial. The Court directs the parties to focus their arguments on the charges brought in this case; i.e. whether Mr. DesFosses' conduct was in violation of 18 U.S.C. § 1347.

4. **Motion to Dismiss Allegations Outside the Time Frame for Counts 2-22**

In Paragraph 20 of the Superseding Indictment, the Government alleges the violations of 18 U.S.C. § 1347 in Counts 2 through 16 occurred "[b]etween on or about July 1, 2005, and November 30, 2008...." (Dkt. 20 at ¶ 20.) Counts 2 through 16 identify the particular billing records which range from May of 2007 to October of 2008. (Dkt. 20 at ¶ 23.) Likewise as to Counts 17 through 22, in Paragraph 25 of the Superseding Indictment the Government alleges the violations occurred "[b]etween on or about November 1, 2007, through on or about August 31, 2008...." (Dkt. 20 at ¶ 25.) Paragraph 28 identifies the particular billing records ranging from July of 2008 to August of 2008.

**Order** – 13

(Dkt. 20 at ¶ 28.)

Mr. DesFosses' Motion seeks to preclude any claim or allegations of wrongdoing under these Counts that are outside of the dates of the particular billing records as reflected in Paragraphs 23 and 28 of the Superseding Indictment. (Dkt. 34.) The Government opposes the Motion arguing the scheme to defraud was not limited to the particular dates Mr. DesFosses billed, or caused to be billed, the health care benefit company which are the dates reflected in the particular billing records for Counts 2 through 22. Instead, the Government argues, the Superseding Indictment also alleges Mr. DesFosses executed his scheme on "other" dates. (Dkt. 34 at 15-16.) The Government further argues other uncharged conduct occurring outside of the particular billing dates is "inextricably intertwined with the charged conduct" such that it is evidence of "other acts" admissible under Rule 404(b). (Dkt. 34 at 16.)

As pointed out by the Government, Paragraphs 23 and 28 of the Superseding Indictment both alleges the fraudulent scheme occurred on the particular dates of the listed billings "among others." (Dkt. 20 at ¶¶ 23, 28.) Thus, the Superseding Indictment clearly alleges the scheme was executed on dates other than those identified by the particular billing records. As such, the Court finds the Motion to Dismiss any allegations outside of the time frames of the particular billing records is without merit and denied. The relevant time frame extends at least to the broad dates in Paragraphs 20 and 25 of the Superseding Indictment. (Dkt. 20.)

The Government has also filed a Notice of Intention to Introduce Evidence Pursuant to Rule 404(b) to prove Mr. DesFosses acted with the intent to deceive as

alleged in Count One. (Dkt. 15.) The Government states its intention is to introduce evidence of other wrongs to the extent that such evidence is inextricably intertwined with the charged offenses. (Dkt. 39 at 19.) The charges here contend that Mr. DesFosses engaged in two schemes to defraud health care benefit programs: First, in Counts 2 through 16, to defraud Medicare, Blue Cross, and EICN by billing for a covered service when a noncovered service was provided and, second, in Counts 17 through 22, to defraud Blue Cross by billing for services he provided to his wife as if his partner had provided the service. (Dkt. 39 at 15-16.) The Government argues executions of a scheme to defraud that are not specifically charged here are still admissible because they are inextricably intertwined with the charged conduct as "other acts" under Rule 404(b). (Dkt. 39 at 16.) For instance, additional executions of the schemes found on patient and billing records during the time of the alleged schemes, though not specifically charged, are admissible under Rule 404(b).(Dkt. 39 at 17.) Mr. DesFosses generally opposes the admission of any such evidence. (Dkt. 46 at 7.)

Rule 404(b) evidence is admissible as articulated in the rule which states, in relevant part:

> "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of the person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identify, or absence of mistake or accident..."

The Ninth Circuit employs a four-part test to determine the admissibility of evidence under Rule 404(b) such that evidence of prior criminal conduct/prior acts may be admitted if:

**Order** – 15

1) the evidence of other crimes must tend to prove a material issue in the case;
2) commission of the other crime must not be too remote in time;
3) the evidence is sufficient to support a finding that the defendant committed the other act; and
4) the other crime must be similar to the offense charged (in cases where knowledge and intent are at issue).

*See Duran v. City of Maywood*, 221 F.3d 1127, 1132-33 (9th Cir. 2000); *United States v. Fuchs*, 218 F.3d 957, 965 (9th Cir. 2000) (citations omitted). In addition to satisfying the four-part test, evidence of other crimes must also satisfy the Rule 403 balancing test – that is its probative value must not be substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.[4] The Government has the burden of demonstrating that the evidence of other crimes satisfies these requirements. *United States v. Montgomery*, 150 F.3d 1000, 1001 (9th Cir. 1998). "The Ninth Circuit has held that "other acts" in Rule 404(b) includes both prior and subsequent acts." *Duran*, 221 F.3d at 1132-33 (citation omitted).

---

[4] "Unfair prejudice," means "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *United States v. Allen*, 341 F.3d 870, 886 (9th Cir. 2003) (citing Fed. R. Evid. 403, advisory committee notes; *Old Chief v. United States*, 519 U.S. 172, 180 (1997) ("The term 'unfair prejudice,' as to a criminal defendant, speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged."); *United States v. McInnis*, 976 F.2d 1226, 1231 (9th Cir. 1992); *United States v. Skillman*, 922 F.2d 1370, 1374 (9th Cir. 1990)).

Here, the Government has provided notice of its intent to use Rule 404(b) evidence. (Dkt. 15 and 39.) The particular evidence the Government anticipates concerns other instances of alleged fraudulent billing, similar to the charged offenses, found on the patient and billing records that have not been specifically charged in the Superseding Indictment. (Dkt. 39 at 17.) Rule 404(b) allows the Government to present evidence of other acts either prior or subsequent to the alleged crimes charged in the case. *See Duran*, 221 F.3d at 1132-33 n. 2 ("The Ninth Circuit has held that "other acts" in Rule 404(b) includes both prior and subsequent acts.") (citing *United States v. Biblo-Rodriguez*, 922 F.2d 1398, 1400 (9th Cir. 1991)). Further, this evidence may tend to prove a material issue in the case such as intent, it is not too remote in time, and is similar to the charged offenses. Whether the evidence is sufficient to support a finding that the defendant committed the other act is not clear at this time. As such, it appears this evidence may fall within Rule 404(b). However, the Court will reserve its ruling on the admissibility of the evidence. Whether and to what extent the Court will allow any Rule 404(b) evidence to be admitted must be determined at the time it is offered at trial.

5. **Motion in Limine**

Mr. DesFosses has filed a generic Motion in Limine seeking to preclude evidence not timely produced, properly disclosed, lacking foundation, unrelated, irrelevant, or for which the chain-of-custody has not been established. (Dkt. 35 and 46 at 9-10.) The Court denies the Motion as it generally lacks specificity as to any particular evidence.

The Motion does challenge evidence regarding the CPT codes, health care rule, regulation and/or policy allegedly violated. (Dkt. 35.) The Court previously entered an Order on the Motions for Bill of Particulars. (Dkt. 25.) There, the Court denied the Motions except as to the request for particular CPT codes, health care rule, regulation and/or policy; as to those matters the Court directed the Government to identify where in the discovery those materials are located as to each of Counts 2 through 22. (Dkt. 25 at 5.) The Government has since responded to that Order on three occasions identifying the materials as directed by the Court's Order. (Dkt. 26, 37, 40.) The instant Motion in Limine raises only generalized evidentiary challenges to the admission of such evidence in the form of lack of foundation, relevance, and opinion testimony. (Dkt. 35.) The Court finds these arguments lack specificity and premature. Without more, the Court cannot exclude this evidence prior to trial and the Motion is denied. The Court will rule upon the admissibility of any such evidence at the time it is offered at trial.

Further, the Government has given notice of its intention to call representatives and employees of Medicare, Blue Cross, and EICN to testify regarding the applicable rules, regulations, and policies applicable to this case. (Dkt. 39 at 19; Dkt. 41; Dkt. 55.) Such witnesses, the Government argues, are not experts but, instead, fact witnesses and their testimony is relevant and necessary to prove the materiality of the fraudulent representations and/or false billings at issue in this case. (Dkt. 39 at 20.) Mr. DesFosses has filed an Objection to the Government's Notices asserting various grounds for challenging their testimony. (Dkt. 55.) The Court will reserve its final ruling on the admissibility of such testimony until it is offered at trial but generally agrees that this

**Order** – 18

testimony is often admissible in health care fraud cases.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Defendant's Motions (Dkt. 31, 32, 33, 34, 35) are **DENIED**.

DATED: **September 13, 2011**

Honorable Edward J. Lodge
U. S. District Judge